UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| Luis Rodriguez<br>**Petitioner/Movant**<br><br>v.<br><br>The United States Of<br>America<br>**Respondent** | Case Number: 05-CV-109e<br>[A § 2255 Action]<br><br>Related To CR-97-29E<br>And Also Under U.S.C. 3582(2)<br><br>The Hon. Judge Maurice B. Cohill, Jr.<br>U.S.D.C. Sr. Judge |

Motion For Reconsideration And
The Issue Of Certificate Of/For
Appealability And Appeal Notice
U N D E R  D O D D  No.04-5286

_____

_____

    **COMES NOW,** Luis Rodriguez    , the herein Petitioner and Movant or Appellant and REQUESTS that his case and prior submission or entry as per Title 28 U.S.C. § 2255 be reviewed and receive reconsideration by the Court as named above. This being in reference to the recent June 6, 2005 denial of same as captioned by the Hon. Judge Cohill; and wherein due to the ruling and Opinion carried therewith; the prohibition of the Petitioner to obtain a Certificate Of Appealability was among other decrees, stated as not available to the Petitioner. The herein Petitioner states and promotes his case for the following reasons and motives which relate to the Supreme Court edict which pertinantly arose via the case of Dodd No. 04-5286 as noted above. Dodd's ramifications for the Petitioners now wrongly DENIED § 2255 Action are many and they bear directly upon the Petitioner's cause.

-1-

1) Given the impact of the Dodd, Supra. case and its recent U.S. Supreme Court implications where the "timeliness" of an individual, first-time or other § 2255 Petition submittor is concerned, the case and valid point of the herein Petitioner is by all measures of the law and practice, resurected, in that the Petitioner in good faith submitted his§ 2255 Petition well within the now Dodd prescribed one-year time period since the Issue of opinions and legal procedure changes as have now been dictated in the case of Booker, Fanfan[The progeny of Blakely and In re Winship].

2) The Government had previously and BEFORE the Dodd decision contended that the Petitioner was "untimely" in his filing; i.e. Page Four of the Hon. Judge Cohill's Opinion; to which he concurred. It was further stated that the Petitioner's decision and case conclusion was issues before the Booker decision, and a discussion was made as to whether the the Booker decision was applicable to the Petitioner's situation. The "made retroactively" clause as was expounded upon by the Court in Government agreement is no longer valid as a counter-argument to the Petitioner's § 2255 claims. Dodd negates this point.

3) The date upon which Booker was decided was January 12, 2005 and the date upon which Dodd was decided was June 20, 2005. The Petitioner's date of supposed expiration as to § 2255 rights for submission of April 12, 200 no longer is germain; to his rights to file citing Dodd which now provides until the 12th day of January in 2006 for all those interested parties, including the herein Petitioner to file thier claims under same. Hence having filed his herein referred to §2255 Action on the Court conceeded date of April 7, 2005, the Petitioner is well within the before January 12, 2006 Booker expiration date as is now accepted by the U.S. Supreme Court itself.

4) Upon unforeseen error by the Hon. Court, the herein Petitioner is in fact and indeed TIMELY in his submission, and he should be allowed to proceed in the traditional way, in the same Court of the Western District Of Penna, as to the review and adjudication, entertainment of his duly filed § 2255 Action and its contents as originally submitted.

## Conclusion

Citing the herein facts, and noting the applicability and validity of the recent June 20th 2005 Dodd case; the Petitioner respectfully hopes and prays that the herein cited Court will obey the concepts as demonstrated in Dodd while re-instating his § 2255 Action as originally submitted, and that any prohibition against the issuance of a Certificate Of Appealability [if indeed necessary, since the herein District Court should entertain the Petitioner's §2255 Petition , rescind its denial Order, and retract any opinion prohibitive of Certificates for Appeal, etc.] should be removed. Furthermore the herein Petitioner only became aware of the Dodd case just days ago, and he then immediately submits the enclosed.

Respectfully Submitted,

*Luis Rodriguez* (signature)
Luis Rodriguez
REG# 10705-068
FCI Schuylkill
POB 759
Minersville, Pa. 17954

Dated: 7/23, 2005

With the herein in its entirety submitted pursuant to Title 28 U.S.C. § 1746 under penalty of perjury

### Certificate Of Service

I, Luis Rodriguez, the herein noted Petitioner, Movant and Appellant, do hereby swear to and affirm that I have sent a true and correct copy of my Petition For Reconsideration,etc. to the below noted addresses; postage pre-paid, First Class Mail :

Clerk Of Court
US Dist. Court For The
Western District Of Penna.
US Courthouse
POB 1805
Pittsburgh, pa. 15230

U.S. Attorney's Office
For The West. Dist. Of Pa.

Respectfully Submitted,
*Luis Rodriguez* (signature)
Luis Rodriguez
REG# 10705-068
FCI Schuylkill
POB 759
Minersville, Pa. 17954

Dated: 7/23, 2005