IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
LUIS M. RODRIGUEZ                  )
     Petitioner/Defendant          )
                                   ) Criminal No. 97-29 Erie
          v.                       )
                                   ) Civil No. 05-109 E
UNITED STATES OF AMERICA           )
```

**GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION
<u>FOR RECONSIDERATION AND CERTIFICATE OF APPEALABILITY</u>**

AND NOW comes the United States of America, by and through its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Christine A. Sanner, Assistant United States Attorney for said district, and states:

On February 9, 1998, Luis M. Rodriguez ("Petitioner"), pleaded guilty to: violating 21 U.S.C. § 846 by conspiring to distribute and possess with intent to distribute cocaine and cocaine base; violating 8 U.S.C. § 1326 through unlawful reentry into the United States; and violating 42 U.S.C. § 408(a)(7)(B) by willful false representation of a social security number. On May 20, 1998, Petitioner was sentenced to 275 months' imprisonment. Petitioner appealed. The United States Court of Appeals for the Third Circuit affirmed this Court's judgment on January 12, 1999.

On or about April 12, 1999, the judgment of conviction became final for 28 U.S.C. §2255 purposes: the one-year period for filing a §2255 motion expired on or about April 12, 2000. <u>See</u> <u>Kapral v. United States</u>, 166 F.3d 565, 567 (3d Cir. 1999).

On April 7, 2005, Petitioner filed the instant §2255 motion, raising claims under <u>United States v. Booker</u>, 125 S.Ct. 738

(2005). As this Court properly ruled, Petitioner's §2255 motion is plainly untimely.

Petitioner now seeks reconsideration, and again requests the issuance of a certificate of appealability. He argues that his §2255 petition was timely under Dodd v. United States, 125 S.Ct. 2478 (2005). Dodd, however, merely held that the one-year limitation for filing a motion under §2255(3) runs from the date the Supreme Court initially recognizes an asserted right, not from the date on which the right asserted is made retroactively applicable. Dodd does nothing to aid Petitioner. Booker is not retroactively applicable. Lloyd v. United States, 407 F.3d 608, 615-16 (3d Cir. 2005) (citations omitted).

Simply: Booker does not apply retroactively to initial §2255 motions where, as here, the judgment was final as of January 12, 2005. See 407 F.3d at 615-16. It is undisputed that Petitioner's judgment was final as of January 12, 2005. Petitioner's claim, based upon Booker, must therefore fail. This Court should deny the motion for reconsideration and a certificate of appealability should not issue.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney


s/Christine A. Sanner
CHRISTINE A. SANNER
Assistant U.S. Attorney
PA ID No. 85039