IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUIS M. RODRIGUEZ | ) | 05-cv-109E |
| | ) | (Related to C.R. 97-29E) |
| vs. | ) | |
| UNITED STATES OF AMERICA | ) | |

**OPINION AND ORDER**

**I. Introduction.**

Pending before the Court is Petitioner Luis Rodriguez's "Motion for Reconsideration and the Issue of Certificate Of/For Appealability And Appeal Notice UNDER DODD No. 04-5286" (Doc. # 204). Petitioner originally filed a § 2255 motion on April 7, 2005. This Court denied said motion on June 6, 2005, holding that Defendant's motion was untimely.

Petitioner pled guilty on February 9, 1998 to violating: (1) 21 U.S.C. § 846 by conspiring to distribute and possess with intent to distribute cocaine and cocaine base; (2) 8 U.S.C. § 1326 through unlawful reentry into the United States without the permission of the Attorney General; and (3) 42 U.S.C. §408 (a)(7)(B) by willful false representation of a social security number with the intent to deceive. He was sentenced on May 20, 1998 to 275 months' imprisonment. Petitioner appealed the judgment and on January 12, 1999, the United States Court of Appeals for the Third Circuit affirmed this court's judgment. Petitioner did not file a petition for certiorari with the United States Supreme Court. Accordingly, Petitioner's judgment of conviction became final for purposes of § 2255, ninety (90) days after the Third Circuit affirmed our judgment of

conviction, on or about April 12, 1999. See Kapral v. United States, 166 F.3d 565, 567 (3d Cir. 1999) ("we rule that a conviction does not become final under § 2255 until expiration of the time [90 days] allowed for certiorari review by the Supreme Court.").

**II. Legal Analysis.**

### A. Effect of Dodd decision on timeliness of Petitioner's § 2255 motion.

The basis for Petitioner's motion for reconsideration is that based upon the United States Supreme Court's recent decision in United States v. Dodd, 125 S.Ct. 2478 (2005), decided after this Court's original decision denying Petitioner's § 2255 motion, his motion is timely filed. Specifically, Petitioner's argument is that his § 2255 motion, filed on April 7, 2005, was premised upon United States v. Booker, 125 S.Ct. 738 (2005). Booker was decided on January 12, 2005 and therefore, pursuant to the Dodd decision, Petitioner argues, he had one year from the date Booker was decided to file his § 2255 motion.

In Dodd, the Supreme Court examined when the limitation period in § 2255, ¶ 6(3) begins to run. Section 2255, ¶ 6 provides:

[a] one year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

2

28 U.S.C. § 2255 ¶ 6.

Significant for purposes of deciding Petitioner's motion for reconsideration is the Dodd Court's explanation that:

> Paragraph 6(3) identifies *one date and one date only* as the date from which the 1-year limitation period runs: "the date on which the right asserted was initially recognized by the Supreme Court." Dodd's reliance on the second clause to identify the operative date is misplaced. That clause-- "if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"--imposes a condition on the applicability of this subsection. See Webster's Third New International Dictionary 1124 (1993) (the definition of "if" is "in the event that" or "on condition that"). It therefore limits ¶ 6(3)'s application to cases in which applicants are seeking to assert rights "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255, ¶ 6(3). That means that ¶ 6(3)'s date--"the date on which the right asserted was initially recognized by the Supreme Court"--does not apply at all if the conditions in the second clause--the right "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"--have not been satisfied. As long as the conditions in the second clause are satisfied so that ¶ 6(3) applies in the first place, that clause has no impact whatsoever on the date from which the 1-year limitation period in ¶ 6(3) begins to run. Thus, if this Court decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from this Court's decision within which to file his § 2255 motion. He may take advantage of the date in the first clause of ¶ 6(3) only if the conditions in the second clause are met.

Id. at 2482. In other words, the date from which the 1-year limitations period begins to run is "the date on which the right asserted was initially recognized by the Supreme Court," but only "if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Id. (emphasis added). Here, as explained in our earlier Opinion denying Petitioner's § 2255 motion, the right newly recognized by the Supreme Court in Booker is not retroactively applicable to cases on collateral review. See June 6, 2005 Opinion, p. 4. Therefore, the United States Supreme Court's decision in Dodd has no effect on this Court's analysis of Petitioner's § 2255 motion. Petitioner's Motion for Reconsideration and the Issue of Certificate Of/For Appealability And Appeal Notice UNDER DODD No. 04-5286 is denied.

### B. Certificate of Appealability.

The remaining issue before this Court is whether a certificate of appealability ("COA") should be issued with respect to Petitioner's motion for reconsideration of his § 2255 motion. In Slack v. McDaniel, 529 U.S. 473, 120 S.Ct. 1595 (2000), the United States Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find debatable the issue of whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack, 529 U.S. at 484. Here, even assuming that Petitioner's §2255 motion states a valid claim of the denial of a constitutional right, we find that jurists of reason would not find it debatable whether we were correct in our procedural ruling that Petitioner's motion was untimely filed. Accordingly, a COA will not be issued with respect to Petitioner's §2255 motion.

### III. Conclusion.

Petitioner's motion for reconsideration of his §2255 motion is denied and a certificate of appealability will not be issued with respect to Petitioner's motion for reconsideration of his §2255 motion. The following Order therefore is entered:

### ORDER

AND NOW, this 18th day of August, 2005, it is HEREBY ORDERED, ADJUDGED, AND DECREED that Petitioner Luis Rodriguez's Motion for Reconsideration and the Issue of Certificate Of/For Appealability And Appeal Notice UNDER DODD No. 04-5286 (Doc. # 204) is DENIED.

IT IS FURTHER HEREBY ORDERED, ADJUDGED and DECREED that a certificate of appealability SHOULD NOT ISSUE with respect to this Court's Order denying Petitioner's Motion for Reconsideration and the Issue of Certificate Of/For Appealability And Appeal Notice UNDER DODD No. 04-5286 (Doc. #204) for the reasons set forth in the Opinion accompanying this Order.  See also Third Circuit Local Rule 22.2 (stating that "[i]f an order denying a petition under . . . § 2255 is accompanied by an opinion . . . it is sufficient if the order denying the certificate [of appealability] references the opinion . . . .").

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior Judge

cc: Luis Rodriguez
    Christine Sanner, AUSA